IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES DAVID WORLEY**, | Case No. 2:25-cv-83-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **THOMAS BRISTOL**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff James David Worley is an adult in custody representing himself in this civil rights lawsuit against Thomas Bristol, a doctor employed by the Oregon Department of Corrections ("ODOC"). Worley filed this lawsuit in January 2025, asserting that Dr. Bristol violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment by being deliberately indifferent to his medical needs in failing to treat him for a groin injury he sustained in January 2022. The scheduling order in this case required that the parties join all other parties by June 2025, complete all discovery by September 2025, and file

PAGE 1 – ORDER

dispositive motions by February 2026. ECF 10, 15, 25, 28. Six days before the dispositive motion deadline, Worley filed two motions to amend or supplement his complaint. ECF 31, 38.

Worley seeks to add a new defendant, Dr. Richard Carpenter, a private practitioner who performed hip replacement surgery on Worley in February 2025—one month *after* the original complaint was filed. ECF 31, 38, 40.[1] Worley alleges that Dr. Carpenter was also deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments by ignoring Worley's complaints of groin pain and abruptly retiring without completing Worley's hip treatment. ECF 38, 40. Upon receipt of Worley's motions, United States Magistrate Judge Youlee Yim You vacated the dispositive motion deadline. ECF 34. Judge You issued Findings and Recommendations in this case on April 29, 2026 and recommended that this Court deny Worley's motions. *See* ECF 40. Worley timely filed objections on May 14, 2026. ECF 42.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not

---

[1] Although Worley writes in his proposed supplemental complaint that the surgery occurred in January 2025, medical records show that the surgery occurred in February. *See* ECF 37 ¶ 6.

PAGE 2 – ORDER

otherwise"). Although in the absence of objections no review is required, the Magistrates Act

"does not preclude further review by the district judge[] *sua sponte . . .* under a *de novo* or any

other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b)

of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed,"

the Court review the magistrate judge's recommendations for "clear error on the face of the

record."

Judge You recommended that the Court deny Worley's motions to amend for two

reasons: first, because Worley unduly delayed bringing them;[2] and second, because permitting

amendment at this late stage in the proceedings would unduly prejudice Dr. Bristol. *See*

*generally Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010)

(describing six circumstances in which the "district court may exercise its discretion to deny

leave to amend"). Worley objects to both of those findings, so the Court reviews *de novo* Judge

You's recommendations. Although "the 'rule favoring liberality in amendments to pleadings is

particularly important for the pro se litigant,'" *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th

Cir. 2000) (en banc) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)), the Court

adopts Judge You's recommendation as supplemented under Rule 15(d) and denies Worley's

motions.

---

[2] Because the Court concludes that supplementation would cause undue prejudice and is inappropriate under Rule 15(d), it need not reach the issue of delay. Notably, however, Dr. Carpenter ordered scans in September 2025, which ODOC medical staff gave Worley in December. Worley moved to name Dr. Carpenter in February 2026. Worley explained in his objections that he did not name Dr. Carpenter as a defendant until he learned of his retirement. It is reasonable that Worley thought he was still under Dr. Carpenter's care when he received the scans in December 2025. Thus, Worley's delay was (at most) two months. This delay is not undue, particularly for an incarcerated, pro se litigant.

PAGE 3 – ORDER

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental pleadings that set out events "that happened after the date of the pleading to be supplemented." Worley seeks to add a claim against Dr. Carpenter predicated on a surgery he performed in February 2025 (*see* ECF 37 ¶ 6), which is after Worley filed his complaint against Dr. Bristol (*see* ECF 1, filed January 16, 2025). Leave to permit supplemental pleading is "favored." *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). But "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the *parties* as possible," *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981) (emphasis added), and to "promote judicial efficiency," *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (1997). Thus, Rule 15(d) supplementation "cannot be used to introduce a separate, distinct and new cause of action." *Id.* Moreover, Rule 15(d) motions cannot be granted when supplementation will cause undue prejudice to the opposing party. *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986).

Worley's supplement would improperly introduce a "separate, distinct and new cause of action" into the lawsuit. *See Planned Parenthood*, 130 F.3d at 402. Worley's claim against Dr. Carpenter centers around a hip surgery unrelated to Dr. Bristol's treatment of his 2022 groin injury. Dr. Carpenter treated Worley years after Dr. Bristol did. Dr. Carpenter also has never been an ODOC employee, an ODOC medical provider, or an ODOC contract worker. ECF 37 ¶ 5. Taking those facts together, Worley's proposed supplement is not a "discrete and logical extension of the original claim" against Dr. Bristol, an ODOC employee. *See San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 236 F.R.D. 491, 501 (E.D. Cal. 2006). Worley argues that the claims are related because he told Dr. Carpenter about his groin injury and Dr. Carpenter did not treat it. But, without facts alleging that the doctors worked together to

PAGE 4 – ORDER

provide Worley care or suggesting that the hip and groin treatments were otherwise related, Dr. Carpenter's non-treatment of Worley's groin is not related to whether Dr. Bristol's earlier treatment of Worley's groin injury constituted deliberate indifference. Further, allowing Worley to add Dr. Carpenter to this lawsuit would not promote judicial economy because a "supplemental complaint would significantly widen the scope of this litigation." *See Singh v. Washburn*, 2016 WL 1039705, at *10 (D. Or. Feb. 5, 2016) (denying Rule 15(d) supplementation on similar grounds). There also are no "technical obstacles" to Worley bringing a separate suit against Dr. Carpenter. *See Planned Parenthood*, 130 F.3d at 402-03.

Separately, as Judge You found, permitting a new defendant to be added at this stage in the litigation would be prejudicial to Dr. Bristol. Worley filed his motions six days before dispositive motions were due and long after the deadline to complete discovery closed (in September 2025). Even if the Court limited discovery to information related to Worley's claim against Dr. Carpenter, Dr. Bristol likely would need to take additional discovery and redraft dispositive motions. Moreover, Dr. Carpenter would have to be located, served, and given the opportunity to respond to the complaint. Worley argues in his objections that, because his new claim "relates back" to his claim against Dr. Bristol, there is no prejudice. Rule 15(c)'s relation-back doctrine, however, does not apply to the prejudice analysis under Rule 15(a)(2), but rather is about whether Worley's claims are timely under the applicable statute of limitations. *See Heffington v. Gordon, Aylworth & Tami, P.C.*, 2017 WL 3234386, at *2 (D. Or. July 28, 2017) (explaining same). Because the claim against Dr. Carpenter is not a logical extension of the original claim against Dr. Bristol and because supplementation would prejudice Dr. Bristol, Rule 15(d) relief is not warranted.

PAGE 5 – ORDER

The Court ADOPTS Judge You's Findings and Recommendation (ECF 40) as supplemented and DENIES Worley's motions for amended complaint (ECF 31) and supplemental complaint (ECF 38).

**IT IS SO ORDERED.**

DATED this 12th day of June, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER